ROBERT LEE ROULLETT *vs.* QUINCY DIVISION OF THE DISTRICT COURT DEPARTMENT.[1] July 31, 1985. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Appeal, Sentence.

Robert Lee Roullett appeals from an order of a single justice of this court denying him relief pursuant to G. L. c. 211, § 3 (1984 ed.). In his petition, Roullett sought to require a judge of the Quincy Division of the District Court, to correct a restitution order against him. He argued that the judge made an error of law in carrying out a sentence imposed on November 18, 1983, after Roullett had admitted to sufficient facts. The sentence included an order that Roullett pay restitution to one of the victims. On April 25, 1984, the judge entered an order that the restitution be in the amount of $5,000. Roullett contends that the judge improperly changed the restitution order after the period for appeal from the sentence had run.

We will not reverse the disposition by a single justice of a petition under G. L. c. 211, § 3, absent a showing of abuse of discretion or clear error of law. *Doten* v. *Plymouth Div. of the Probate & Family Court Dept., ante* 1001 (1985). *Palaza* v. *Superior Court,* 393 Mass. 1001, 1002 (1984). Even assuming that Roullett's version of the facts is supported by the record,[2] we must affirm the judgment of the single justice because Roullett failed to demonstrate that a petition under G. L. c. 211, § 3, is his only avenue of appeal. Roullett had a right on April 25, 1984, to appeal the sentencing, including the order of restitution, if he was dissatisfied with the final judgment concerning restitution entered on that date.[3] *Commonwealth* v. *Nawn,* 394 Mass. 1, 6-7 (1985). It would now appear that on May 7, 1984, Roullett attempted to appeal from the order of restitution entered on April 25, 1984. Apparently, he sought leave to appeal the restitution order without challenging the propriety of the sentence as a whole. This attempt to seek limited review was denied on August 20, 1984. It is not necessary for this court to examine whether the judge's decision in regard to that appeal was proper because this issue was not raised before the single justice.[4] Even if the judge's action in denying the motion was incorrect, the

---

[1] In response to a motion by the petitioner, we have changed the name of the defendant, so that the Quincy Division of the District Court Department is named instead of the Commonwealth. We acknowledge the amicus brief filed on behalf of one of the victims, Philip J. Bellissimo.

[2] We note that counsel for the petitioner stated at oral argument on April 3, 1985, "there ha[ve] been some problems within the Quincy district court in terms of locating all of the tapes involved. . . . I am going to be meeting with [a gentleman in the Quincy district court] to make certain that all of those tapes are available to you. . . . Certainly before [April 29, 1985] the tapes will have been transcribed and will be available. . . ." As of July, 1985, the court had yet to receive a transcript of the proceedings below and had received no explanation from counsel of this prolonged delay.

[3] Furthermore, counsel could have moved to revise or revoke the sentence under Mass. R. Crim. P. 29 (a), or moved for a new trial under Mass. R. Crim. P. 30 (b), 378 Mass. 899 & 900 (1979).

[4] Counsel for the petitioner did not rely upon this claim of appeal either at oral argument before the single justice or in the petition.

defendant could have appealed from the order denying his motion to appeal. The proper avenue for Roullett to challenge the order denying his motion was by way of appeal, not by way of a petition under G. L. c. 211, § 3. See *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631-632 (1977).

The judgment of the single justice is affirmed.

*So ordered.*

*Martha B. Kleinerman* for the plaintiff.

*Frank J. Ciano* for Philip Bellissimo, amicus curiae.

*Frances L. Robinson,* Assistant Attorney General, for the defendant, was present but did not argue.


