MELVIN A. BROWN vs. CHICOPEE FIRE FIGHTERS ASSOCIATION, LOCAL 1710, IAFF. NOVEMBER 13, 1990. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Appeal, Summary judgment.

The appellant, Melvin A. Brown, appeals from a denial by a single justice of this court of his petition for relief pursuant to G. L. c. 211, § 3.[1] He claims that the single justice erred in refusing to vacate a summary judgment order allowed in the small claims jury session of the Springfield District Court. There was no error.

On June 9, 1989, Brown filed a claim against the appellee, Chicopee Fire Fighters Association, Local 1710, IAFF (local), in the small claims court pursuant to G. L. c. 218, § 21 (1988 ed.). After hearing, the small claims court awarded Brown a judgment of $1,389.86, representing his damages and costs. The local thereafter claimed its right to a trial by a jury of six in the District Court pursuant to G. L. c. 218, § 23. On November 9, 1989, the local filed a motion for summary judgment, which was heard by the small claims department of the Springfield District Court on November 17, 1989. The court granted the motion,[2] holding that the small claims court did not have subject matter jurisdiction over Brown's claim. Brown subsequently filed a motion for reconsideration, an application for a report, and a motion to vacate the decision, all of which were denied. On March 1, 1990, Brown filed a petition pursuant to G. L. c. 211, § 3, to a single justice. On April 4, 1990, the petition was denied. Brown appeals that denial.

Brown had an available appellate remedy. General Laws c. 218, § 23, provides that the "[t]rial by jury of six in the district court department shall proceed in accordance with the provisions of law applicable to trials by jury in the Superior Court department." General Laws c. 211A, § 10, provides appellate jurisdiction to the Appeals Court over decisions of both the Superior Court and of "the district court department in jury session." Taken together, these two provisions indicate that there is an appellate remedy from small claims jury sessions under G. L. c. 218, § 23, to the Appeals Court.[3] Hence, a petition under G. L. c. 211, § 3, is inappropriate.

---

[1]The plaintiff's complaint also asked the single justice to transfer his case to this court pursuant to G. L. c. 211, § 4A. For the reasons stated in this opinion, the denial of the request for transfer is affirmed.

[2]Brown claims that the court violated the plain language of Mass. R. Civ. P. 56, 365 Mass. 824 (1974), by hearing the local's motion for summary judgment less than ten days after it was served. Because we do not reach the substance of his claims, we express no view as to the merits of this argument. Brown also argues that G. L. c. 218, § 21 (1988 ed.), precludes summary judgment because the District Court finding is prima facie evidence. This argument was available to Brown had he appealed to the Appeals Court. We do not reach or discuss the merits of Brown's appeal because Brown's appeal is not properly before us.

[3]Rule 10 of the Uniform Small Claims Rules provides that "[a]ny claim of appeal from the judgment of the jury session to the Appeals Court" shall be filed within ten days.

The single justice's denial of Brown's G. L. c. 211, § 3, claim was in accordance with our practice of not exercising our extraordinary powers under that provision unless appellate review is otherwise unavailable. See *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 335 (1988). The appropriate method for Brown to challenge the allowance of the local's motion for summary judgment was by way of appeal, not by way of a petition under G. L. c. 211, § 3. See *Roullett* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 1008 (1985).[4]

The judgment of the single justice is affirmed.

*So ordered.*

*Melvin A. Brown*, pro se.
*Donê Rosencrance* for the defendant.

---

[4]Brown has appeared pro se throughout these proceedings. Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants. See *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985); *McGowan* v. *Director of the Div. of Employment Sec.*, 388 Mass. 1003, 1004 (1983).