ROBERT TODINO *vs.* ARBELLA MUTUAL INSURANCE
COMPANY.

Middlesex. April 7, 1993. - May 17, 1993.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Appeal, Summary judgment, Small claims procedure. *District Court*, Small claims procedure. *Statute*, Construction.

Summary judgment was unavailable to a defendant on its appeal from a judgment for the plaintiff in the small claims session of the District Court to the small claims jury session where, since G. L. c. 218, § 23, had relieved the plaintiff of the burden of producing evidence in order to obtain a favorable finding, the prior decision by the District Court alone established a prima facie case for the plaintiff in the jury session and, according to the plain language of the statute, the finding for the plaintiff assured that there would be a dispute of material fact barring summary judgment for the defendant in the small claims jury session. [301-302]

CIVIL ACTION commenced in the Woburn Division of the District Court Department on August 27, 1990.

On appeal to the jury session of the Lowell Division, the case was tried before *Anthony P. Sullivan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Marc LaCasse* (*Marjorie O. Dresser* with him) for the defendant.

*Robert E. McDonnell* for the plaintiff.

NOLAN, J. On August 27, 1990, the plaintiff, Robert Todino, pro se, filed a complaint in the small claims session of the Woburn Division of the District Court against the defendant, Arbella Mutual Insurance Company (Arbella). Judgment was entered for Todino on September 24, 1990. Asserting its rights under G. L. c. 218, § 23 (1990 ed.) (most recently amended by St. 1992, c. 379, § 137), Arbella

filed a claim for trial de novo before a jury of six. The matter was then transferred to the small claims jury session in the Lowell Division of the District Court. On April 16, 1991, Arbella moved for summary judgment. The judge ruled that the motion was not properly before the court, and the second trial commenced on May 1, 1991. That same day the jury returned a verdict for Todino, and judgment was entered for the plaintiff. Arbella filed a timely appeal on May 8, 1991, contesting the trial judge's denial of its motion for summary judgment. We then transferred the case here on our own motion. We hold that there was no error.

The theft of a used 1988 Ford Mustang GT automobile on March 31, 1990, precipitated the dispute before us. Todino had purchased the automobile on March 12, 1990. He obtained insurance coverage from Arbella on March 13 through an insurance agent. The insurance policy stated that if he failed to cause the automobile to be inspected at an approved inspection station within seven days of the effective date of coverage, coverage would be suspended. Todino was aware of this condition and does not dispute that he signed a form acknowledging this. He does, however, dispute the date on which he signed the form. Although a date accompanies the insurance agent's signature on the form, Todino's signature is not dated.

From March 13 through March 19, Todino had possession of the automobile but failed to have it inspected. During that time he brought the automobile to an inspection station only to find the station closed. He later delivered the automobile to a mechanic for repairs. The mechanic remained in possession until March 30 when Todino took the automobile to another inspection station only to find it closed once again. An employee of that station scheduled Todino for an inspection on April 2, but on March 31, the automobile was stolen. Although the police later recovered it, the automobile had suffered substantial damage.

On April 4, 1990, Arbella caused the automobile to be inspected and appraised. On April 10, Arbella notified Todino that his physical damage coverage was suspended as of

March 22. On April 17, Arbella formally denied coverage on the ground that the automobile had not been inspected within the time period required by G. L. c. 175, § 113S (1990 ed.), and 211 Code Mass. Regs. § 94.00 (1989). Todino then brought suit seeking payment under the insurance policy.

The issue presented by this appeal is whether summary judgment is available to the defendant in a small claims jury session of the District Court.[1] For the reasons discussed below, we hold that it is not.

Arbella's argument rests on one sentence in the Commonwealth's small claims procedure statute which states that "[t]rial by jury of six in the district court department shall proceed in accordance with the provisions of law applicable to trials by jury in the superior court department . . . ."[2] G. L. c. 218, § 23 (1990 ed.). By its terms, this sentence concerns only provisions of law applicable to trials and says nothing about rules applicable to pretrial proceedings. Nevertheless, Arbella argues that, since summary judgment is available in Superior Court pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), and rules 9 and 9A of the Rules of the Superior Court (1992), G. L. c. 218, § 23, makes summary judgment available in the small claims jury session as

---

[1]In *Brown* v. *Chicopee Fire Fighters Ass'n, Local 1710, IAFF,* 408 Mass. 1003 n.2 (1990), we expressly reserved the issue on appeal today. We decided in *Brown* that a single justice of this court did not err by refusing to vacate a summary judgment order allowed in the small claims jury session of the District Court. *Id.* That decision, however, turned solely upon the plaintiff's petition for relief pursuant to G. L. c. 211, § 3 (1990 ed.). We concluded that in small claims actions G. L. c. 218, § 23, and not c. 211, § 3, provides the appropriate appellate remedy. *Id.* at 1003-1004. Because our holding rested on procedural grounds, we did not reach the merits of the plaintiff's case. *Id.* at 1003 n.2. Specifically, we reserved judgment as to whether G. L. c. 218, § 21, precludes summary judgment under these circumstances. *Id.* In contrast to *Brown,* the merits of this case are properly before us.

[2]This language is echoed in rule 10 (b) of the Uniform Small Claims Rules (1992). Rule 10 (b) governs the conduct of trials in the small claims jury session.

well.[3] On the other hand, Todino directs our attention toward Mass. R. Civ. P. 81 (a) (7), 365 Mass. 841 (1974), which renders the rules of civil procedure inapplicable to small claims. In addition, Todino points out that rule 1 of the Uniform Small Claims Rules (1992) states categorically that "[o]ther civil rules of court shall not be applicable in small claims actions," and Arbella concedes, as it must, that the small claims rules do not provide for summary judgment explicitly. We conclude that Arbella's interpretation is inconsistent with other provisions of the small claims procedure statute.[4]

We now examine to what extent a defendant's summary judgment motion in the small claims jury session comports or conflicts with specific small claims procedure. See *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326, 334 (1985), citing *Holbrook* v. *Holbrook*, 1 Pick. 248, 250 (1823). To find the first direct conflict, we need look no further than the same section cited by Arbella in support of its position. General Laws c. 218, § 23, provides, in addition to the sentence relied upon by Arbella, that "[a] finding for the plaintiff in the district court department shall be *prima facie evidence* for the plaintiff in the trial by jury of six. At such trial the plaintiff may, but need not, introduce evidence." (Emphasis added.) This provision parallels G. L. c. 231, § 102C (1990 ed.), which grants prima facie effect to the District Court's findings in a trial de novo proceeding brought before the Superior Court. See also G. L. c. 231, § 104 (1990 ed.) (case removed from District Court shall be tried in Superior Court subject to provisions of G. L. c. 231, § 102C). Even if contradicted, prima facie evidence is sufficient by itself to require submission of a case to the jury. *Anderson's Case*, 373

---

[3]This also appears to be the position of the commentary to Small Claims Standard 7:06 (District Court Department of the Trial Court, Standards of Judicial Practice, 1984) that the judge in the jury session may grant summary judgment for either party. This is clearly wrong.

[4]We have also held that an appeal does not lie to the denial of a motion for summary judgment after a trial on the merits. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126 (1986).

Mass. 813, 817 (1977). Because the statute relieves the plaintiff of the burden of producing evidence in order to obtain a favorable finding, the prior decision by the District Court alone establishes a prima facie case for the plaintiff in the jury session. Thus, according to the plain language of the statute, a finding for the plaintiff in the District Court assures that there always will be a dispute of material fact barring summary judgment for the defendant in the small claims jury session. Consequently, to grant a defendant summary judgment would render this provision a nullity. As a general rule, we avoid construing a statute in a way which nullifies a particular provision whenever a reasonable alternative exists. *Ben Elfman & Sons, Inc.* v. *Home Indem. Co.,* 411 Mass. 13, 18 (1991), and cases cited.

*Judgment affirmed.*