CHICOPEE FIRE FIGHTERS ASS'N, LOCAL 1710, *vs.* MELVIN A. BROWN. July 20, 2000. *Supreme Judicial Court,* Superintendence of inferior courts. *Labor Relations Commission. Labor,* Judicial review. *District Court,* Jurisdiction. *Jurisdiction,* Labor case.

Melvin A. Brown appeals from a judgment of a single justice of this court granting a G. L. c. 211, § 3, petition of the Chicopee Fire Fighters, Local 1710 (union). The single justice ordered that summary judgment be reinstated in favor of the union in an action involving these two parties in the District Court. In the challenged District Court action, Brown sought an award of attorney's fees and costs incurred in his successful prosecution of an unfair labor practice charge against the union before the Labor Relations Commission (commission).

To orient the present appeal, it is useful to note that after more than nine years from the time that summary judgment had issued in favor of the union (1989 District Court summary judgment), and after related appeals and other proceedings in State and Federal courts,[1] Brown filed a motion in the District Court alleging that the 1989 District Court summary judgment in favor of the union was void. A District Court judge, treating the motion as one under Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), granted Brown's motion, vacated the judgment, and set the matter down for trial.

Before the single justice of this court, the union sought an order, pursuant to G. L. c. 211, § 3, prohibiting the District Court from proceeding with a trial of Brown's previously dismissed District Court action. After a hearing, the single justice granted the union's petition. The single justice was correct in doing so.

Notwithstanding serious reservations concerning the timeliness of Brown's appeal and because of the unique circumstances, we choose to reach the merits of Brown's various assignments of error.

1. General Laws c. 150E, § 11, mandates, in pertinent part, that "[a]ny party aggrieved by a final order of the commission may institute proceedings for judicial review in the appeals court within thirty days after receipt of said order." Thus, if an aggrieved party elects to prosecute an appeal, such as here, that party must do so in the Appeals Court. See, e.g., *Alexander* v. *Labor Relations Comm'n,* 404 Mass. 1005 (1989); *Quincy City Hosp.* v. *Labor Relations Comm'n,* 400 Mass. 745, 746-747 (1987); *Therrien* v. *Labor Relations Comm'n,* 390 Mass. 644, 645 (1983); *Goncalves* v. *Labor Relations Comm'n,* 43 Mass. App. Ct. 289, 295 (1997).

Here, Brown failed to comply with this statutory requirement by instituting an action in the District Court. Further, to the extent he was aggrieved by the fact that the commission did not award him costs or attorney's fees relative to his prosecution of the unfair labor practice charge, his effort to seek modification of the final orders of the commission was improper. In short, his election to commence the challenged action in the District Court, whether innocent or deliberate, runs afoul of the procedural command of G. L. c. 150E, § 11. Ruling that the District Court lacked jurisdiction to vacate the previously entered 1989 District Court summary judgment for the union, the single justice correctly interpreted and applied G. L. c. 150E, § 11.

---

[1]For additional background of proceedings in the State courts, see *Brown* v. *Chicopee Fire Fighters Ass'n, Local 1710,* 408 Mass. 1003 (1990).

Relief under G. L. c. 211, § 3, is therefore appropriate in these circumstances because, as the single justice determined, the normal course of appellate review cannot adequately vindicate the union's rights. The District Court did not have subject matter jurisdiction.

2. We have also considered Brown's interlocking arguments regarding G. L. c. 218, § 23, and *Todino* v. *Arbella Mut. Ins. Co.*, 415 Mass. 298 (1993). We interpret the single justice's judgment as reinstating the 1989 District Court summary judgment in favor of the union, not as inconsistent with G. L. c. 218, § 23, and *Todino*, but as a means of restoring the litigation to its appropriate status — terminated because of the absence of subject matter jurisdiction. In these circumstances, that is the practical equivalent of a dismissal, as is required by Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974). As to Brown's assignment of error that the union had failed to serve its petition for relief under G. L. c. 211, § 3, on him in accordance with Mass. R. Civ. P. 4, as amended, 402 Mass. 1401 (1988), the simple answer is that he has made no showing that he was prejudiced in any way. Brown had an adequate opportunity to respond to the union's petition and did so prior to and at the hearing before the single justice. Nor was there any error, as Brown suggests, in the single justice's treating his motion (filed May 19, 1999) as one for reconsideration. Brown had asked the single justice to vacate her original judgment, which he argued was void. Whether Brown's motion was treated as one for reconsideration or, as he suggests, under rule 60 (b) (4), the single justice's ruling on the motion was correct in all respects.

The judgment entered in the county court granting the petition for relief is affirmed.

*So ordered.*

*Melvin A. Brown*, pro se.
*David B. Rome* for the plaintiff.