NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-478

BRIAN SMITH & another[1]

vs.

MARGARET BRUZELIUS & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge allowed the defendants' motions to dismiss the plaintiffs' complaints.  After the deadline for filing notices of appeal lapsed, the plaintiffs filed motions with a single justice of this court seeking leave to file late notices of appeal.  The single justice denied relief and denied a motion for reconsideration, and this appeal followed.  We affirm the decision of the single justice.

Background.  We summarize the pertinent procedural background.  Margaret and Brian Smith, the plaintiffs, filed in the Superior Court three separate complaints.  Each complaint arose out of the same set of events that followed Margaret

_____

[1] Margaret Anne Smith.

[2] Donna Lisker, Mary Harrington, Beth Powell, Kathleen McCartney, Kristin Hughes, Paul Lannon, Holland Knight, LLP, and Smith College.

Smith's efforts to drop a class while attending Smith College. A Superior Court judge denied the plaintiffs' motion to consolidate and dismissed the complaints on November 19, 2021, in a single order applicable to all three actions. The plaintiffs did not file notices of appeal regarding those decisions.

After the thirty-day deadline for filing a notice of appeal expired under Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019), the plaintiffs filed several motions in the single justice session of this court. On February 18, 2022, Brian Smith filed a sixty-five page motion (with attachments) to "Extend Deadline to File Notice of Appeal." On March 8, 2022, Brian Smith and Margaret Smith filed a fifteen-page motion (with attachments) to "Restore Right to File a Notice of Motion After Appeals to Restore Rights to File Reconsideration Motions Obstructed by Error." On that same date, Brian Smith filed a sixty-five page "revised" motion to "Extend Deadline to File Notice of Appeal." All three motions sought to preserve, or resurrect, the plaintiffs' appellate rights relative to their complaints that were dismissed in the Superior Court.

On March 15, 2022, the single justice denied relief after concluding that the plaintiffs did not establish the requisite excusable neglect for failing to file notices of appeal and did not demonstrate a meritorious appellate issue. The plaintiffs

2

did not file a notice of appeal regarding that decision. Instead, on March 25, 2022, the plaintiffs filed a "Motion for Leave to File a Late Reconsideration Motions and Related Relief," citing Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019).  In that motion, the plaintiffs acknowledged that their "prior filing was deficient with respect to citing law or explaining on what authority" they were proceeding.  Through this new filing, they sought to establish excusable neglect for failing to file notices of appeal in the Superior Court, and they also sought to establish a meritorious appellate issue with respect to the dismissals.  On March 31, 2022, the single justice treated the March 25 motion as a motion for reconsideration of his March 15 decision and denied relief.  The plaintiffs filed a notice of appeal from this decision on May 2, 2022.

Discussion.  An appeal "shall be taken by filing a notice of appeal with the clerk of the lower court."  Mass. R. A. P. 3 (a), as appearing in 481 Mass. 1603 (2019).  In a civil case involving private parties, the notice "shall be filed with the clerk of the lower court within 30 days of the date of the entry of the judgment, decree, appealable order, or adjudication appealed from."  Mass. R. A. P. 4 (a) (1).  A single justice of an appellate court may enlarge the time for filing a notice of appeal "for good cause shown."  Mass. R. A. P. 14 (b).  Good

3

cause requires (1) excusable neglect and (2) a meritorious appellate issue.  Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989), citing Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979).  Excusable neglect contemplates "emergency situations only" (citation omitted).  Pierce v. Hansen Eng'g & Mach. Co., 95 Mass. App. Ct. 713, 717 (2019).  We review the single justice's decision "for errors of law and, if none appear, for abuse of discretion."  Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  "[T]he burden of showing an abuse of discretion is a difficult one to carry."  Id.

On appeal, the plaintiffs raise three primary issues and pose numerous subsidiary questions relative to actions taken in the trial court, but those wide-ranging, fact-intensive matters are not responsive to the discrete issue presented in this appeal.  To be clear, the only matter before this court is the single justice decision that entered on March 31, 2022.  In denying the plaintiffs' motion, the single justice treated the matter as a motion for reconsideration of his earlier decision on March 15, 2022.  We discern no error of law or abuse of discretion relative to the single justice's denial of the motion for reconsideration.

The single justice denied the plaintiffs' motions seeking to preserve or resurrect their appellate rights because the

plaintiffs did not establish excusable neglect for failing to file notices of appeal and did not demonstrate a meritorious appellate issue.  In response, the plaintiffs took this denial as an invitation to write a better motion that addressed the deficiencies pointed out by the single justice.  In fact, in the motion seeking reconsideration, the plaintiffs agreed that their "prior filing was deficient" and sought to remedy the deficiency.  A motion for reconsideration, however, is more than just taking a "second bite at the apple" following a judge's decision that points out deficiencies in the original presentation.  Liberty Square Dev. Trust v. Worcester, 441 Mass. 605, 611 (2004).  Rather, a motion for reconsideration should specify either changed circumstances (such as newly discovered evidence or a development of relevant law), or a particular and demonstrable error in the original decision.  Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).  Also, when new information is offered following a judicial decision, as here with the single justice, a party should show some good reason for its failure to submit the information to the judge earlier.  Cf. Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974) (allowing for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect").  The plaintiffs' motion for reconsideration did not attempt to make the requisite showing and instead

5

focused on trial court proceedings.  Therefore, we discern no error of law, and we conclude that the plaintiffs have not met their burden of showing an abuse of discretion by the single justice.

We are not insensitive to the fact that the result we have reached in this case, dictated by salutary rules of procedure and the broad discretion of the single justice, frustrates the plaintiffs' efforts over the past three years to present their claims at trial.  We must keep in mind, however, that "[r]ules of procedure are not just guidelines.  Their purpose is to provide an orderly, predictable process by which parties to a lawsuit conduct their business."  USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 135 (1983).  The central misstep here occurred when the plaintiffs failed to file notices of appeal from the dismissals of the complaints.  Filing such a notice is neither onerous nor complex and "merely requires a one-sentence document indicating the party's intent to appeal and the names of all parties."  Commonwealth v. Smith, 491 Mass. 377, 384 (2023).  Though we are cognizant of the plaintiffs' pro se status, they did not take the necessary step to initiate the appeal.  As a result, their case derailed, and they did not meet the requisite legal standards to get it back on track.  Rather than acknowledging this critical misstep, the plaintiffs blame the Superior Court Clerk's Office for providing incorrect advice

and setting in motion a series of events that ultimately led to this appeal.  Even if reliance on incorrect advice permitted the single justice to find excusable neglect, it did not require it.  See Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 119 (1990) ("We know of no authority for treating as excusable neglect reliance on a clerk's incorrect advice concerning a general principle of law").  "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants."  Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

Conclusion.  The single justice did not err or abuse his discretion in denying the plaintiffs' motion for reconsideration.[3]

> Order of single justice dated March 31, 2022, denying motion for reconsideration, affirmed.
>
> By the Court (Neyman, Sacks & Hodgens, JJ.[4]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  August 17, 2023.

---

[3] The defendants' motion for appellate attorney's fees is denied.
[4] The panelists are listed in order of seniority.

7