NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1058

CAROLE PREVOST

vs.

DEPARTMENT OF CHILDREN & FAMILY.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se plaintiff appeals from the dismissal of her amended complaint against the Florida Department of Children and Families (DCF).[2] A judge of the Essex Superior Court, having reviewed the complaint, concluded that "[a]s best the court can tell, the plaintiff is challenging a decision by DCF in Florida to revoke and/or decrease her public assistance," and dismissed it based on a lack of subject matter jurisdiction under the Florida Administrative Procedure Act, Fla. Stat. § 120.68. We

_____

[1] We take the caption from the plaintiff's amended complaint, as is our custom. It is clear from the record that her complaint refers to the Department of Children and Families for the State of Florida.

[2] The plaintiff has appeared pro se throughout these proceedings. "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants." Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

review a judge's dismissal of a complaint for lack of subject matter jurisdiction de novo.  See Lichoulas v. Lowell, 78 Mass. App. Ct. 271, 275 (2010).

Here, we discern no error in the judge's decision to dismiss the complaint.  See Fla. Stat. § 120.68 (2).  According to the docket, the defendant filed an amended complaint on June 14, 2022.  A written motion, labeled "Amended Complaint" and dated June 13, states in part "I know since 2016, after that state of agency had been cut down my food I am a victim of some crimes by abusing of power, turns people against me."  Florida Statute § 120.68 (2) provides that exclusive jurisdiction for judicial review of administrative actions by Florida agencies lies with the courts of appeal in Florida.  See Wausau Underwriters Ins. Co. v. Careers USA, Inc., No. 11-80180, 2011 U.S. Dist. LEXIS 159039 at *11 (S.D. Fla. June 25, 2011).

Although the plaintiff contends that her original complaint pertained to other tortious behavior by DCF, her arguments lack legal citations and therefore do not "rise to the level of appellate argument."  Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020).  See also Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Moreover, the record appendix submitted by the plaintiff contains handwritten documents which, at times, are difficult to read, and we are unable to identify which document within it could be

2

the original complaint itself, which we would require to assess the plaintiff's claim.[3]  It is well settled that it is the appellant's duty to provide this court with legal briefing and a record appendix required to judge her appeal, and without these, we are constrained to affirm the judge's decision below.  See Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).  See also Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

Judgment affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:   November 1, 2023.

---

[3] The docket states that the original complaint was filed on February 2, 2022.  No document with that date is included as part of the appendix in this appeal.
[4] The panelists are listed in order of seniority.