NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-338

ASIA DENISE THOMPSON

vs.

JOEY DWAYNE THOMPSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After approximately two years of marriage, Asia Denise Thompson (wife) filed a complaint for divorce from Joey Dwayne Thompson (husband).  Following a trial, a judge of the Probate and Family Court issued a judgment of divorce nisi.  The husband appeals, claiming lack of subject matter jurisdiction and numerous errors in the judgment.  We affirm.

The husband and the wife were married in Tennessee in 2018 and have one minor child together.  On or around August 31, 2019, the wife and the minor child left Tennessee and moved to Massachusetts.  In June 2020, the wife filed a complaint for divorce, alleging that an irretrievable breakdown of their marriage occurred on August 31, 2019.  The wife filed a motion

to amend the complaint, which was allowed on February 24, 2022, claiming that the irretrievable breakdown of the marriage occurred on May 28, 2020.  On appeal, the husband claims that judge erred in (1) denying his motion to dismiss the complaint for lack of subject matter jurisdiction because the wife had not resided in Massachusetts for one year at the time she filed for divorce and (2) permitting the wife to amend her complaint to meet the alternative jurisdictional requirements of G. L. c. 208, § 5.  The husband also claims error in the amount of child support and the division of assets provided for in the divorce judgment, as well as the timing of his receipt of that judgment and its form.

An appellant (in this case the husband) bears the burden of presenting appellate arguments and producing a record appendix that are adequate for appellate review.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).  The rule "is more than a 'mere technicality.  It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958).

Here, the husband's appellate arguments lack support of any case law or reference to any standard of review. He failed to provide the court with citations to the record and, more problematically, he failed to provide the court with pertinent portions of the hearing transcripts. See Mass. R. A. P. 18 (b) (4). See also Everett v. 357 Corp., 453 Mass. 585, 604 n.26 (2009). For example, in his informal brief, the husband claims the judge erred in denying his motion to dismiss the complaint for lack of subject matter jurisdiction. He cites no legal authority to support his contention. However, even if the court were inclined to overlook this fact and consider the merits of the husband's claim, we are unable to do so because the husband has failed to provide the court with the transcript of the hearing or the wife's opposition to the motion to dismiss and has only included the first page of his motion to dismiss. Likewise, we are unable to review the substance of the divorce judgment without the transcript of the trial.

In sum, the record does not provide us with any basis to conduct a meaningful review of the judge's decisions. See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997) (appellant not entitled to review on claims where brief lacked citations to support factual allegations, appendix lacked transcript or tape recording of proceedings in court, and appellant provided no

3

other documents in support of his claims other than his unsubstantiated assertions in his brief).  While we recognize the inherent challenges in proceeding pro se, parties represented by counsel and pro se litigants are required to present materials necessary for appellate review.  See <u>Brown</u> v. <u>Chicopee Fire Fighters Ass'n, Local 1710, IAFF</u>, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants").[1]

<u>Judgment affirmed</u>.

By the Court (Massing,
  Walsh & Brennan, JJ.[2]),

_Paul Little_

Clerk

Entered:  February 4, 2025.

---

[1] The wife, claiming that the husband's appellate argument is frivolous, has requested appellate attorney's fees.  While the wife's argument has some force, we decline to award attorney's fees.

[2] The panelists are listed in order of seniority.