NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1180

DEUTSCHE BANK NATIONAL TRUST COMPANY, trustee,[1]

vs.

STEVEN BANKERT & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Deutsche Bank National Trust Company (Deutsche Bank), trustee, filed a complaint in the Housing Court against defendants Steven Bankert and Dawn Bankert (together, the Bankerts) seeking possession of a property in North Attleboro following a foreclosure sale.[3]  Following Deutsche Bank's motion for summary judgment, a judge of the Housing Court awarded possession to Deutsche Bank, and entered judgment in its favor.  On appeal, the Bankerts argue that (1) the judge

_____

[1] Of the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4, Mortgage Pass-Through Certificates, Series 2006-HE4.

[2] Dawn Bankert.

[3] The complaint initially named only defendant Steven Bankert but was later amended to include defendant Dawn Bankert.

erroneously denied the Bankerts' motion to amend their answer, (2) the judge erroneously granted summary judgment, and (3) Deutsche Bank failed to provide proper notice of the action. We affirm.

Background. In January 2006, Steven Bankert granted a mortgage on his residence on Pratt Lane in North Attleboro (property) to Mortgage Electronic Registration Systems, Inc. (MERS)[4]. In December 2015, the mortgage was assigned to Deutsche Bank. The Bankerts proceeded to default on their mortgage, and an "affidavit regarding the note secured by mortgage being foreclosed" was recorded in the registry of deeds in 2018. In January 2020, Deutsche Bank published notice of the scheduled foreclosure sale and sent notice of the sale to the Bankerts by certified mail. On February 11, 2020, Deutsche Bank conducted a public foreclosure auction at which it was the highest bidder.

On September 9, 2021, Deutsche Bank commenced this summary process action in the Housing Court to recover possession and unpaid use and occupancy fees dating back to Deutsche Bank's purchase of the property. On September 12, 2022, a judge granted Deutsche Bank's motion for summary judgment and entered judgment in favor of Deutsche Bank with respect to possession. The judge found, in essence, that the Bankerts had failed to

---

[4] As nominee for Decision One Mortgage Company, LLC.

2

show a genuine issue of material fact regarding Deutsche Bank's claim for possession, and that the Bankerts' counterclaims were meritless.  The judge scheduled a hearing with respect to use and occupancy fees, and on December 21, 2022, judgment as to use and occupancy entered in favor of Deutsche Bank.

Discussion.  1.  The Bankerts' motion to amend answer and counterclaims.  The Bankerts first argue that the judge denied their motion to amend answer and counterclaims without regard to the prejudicial effect of the denial.  We review the denial of a motion to amend an answer for abuse of discretion.  See Doull v. Foster, 487 Mass. 1, 22 (2021).

On May 3, 2022, the Bankerts filed a motion to amend answer and counterclaims.  At a hearing on the motion, the judge denied the request after concluding that there was a lack of "sufficient substantial and convincing reasons for the delay in filing [the] motion."  Under Mass. R. Civ P. 15 (a), 365 Mass. 761 (1974), a party may amend a pleading within twenty days after it has been served.  After twenty days have elapsed, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Mass. R. Civ P. 15 (a).  "[L]eave should be granted unless there are good reasons for denying the motion."  Doull, 487 Mass. at 22, quoting Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991).  Reasons to

3

deny a motion to amend "include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment" (quotation and citation omitted). Doull, supra.

Here, the judge did not abuse her discretion because the Bankerts' motion was unduly delayed. See Mathis, 409 Mass. at 264-265 ("an unexcused delay in seeking to amend is a valid basis for denial of a motion to amend"). The Bankerts filed their motion to amend in May 2022, five months after Deutsche Bank amended its complaint to join defendant Dawn Bankert in December 2021. It had also been more than three months since Deutsche Bank had filed its motion for summary judgment in January 2022, and more than a month after the motion had been taken under advisement in March 2022.

The Bankerts offered no valid reason to justify the delay of their motion to amend. At the hearing on the motion on June 7, 2022, the Bankerts offered that the reason for the delay was defendant Dawn Bankert's lack of computer skills and the fact that defendant Steven Bankert was incarcerated for a time. Such reasons are not availing. Lack of technical expertise alone does not absolve a defendant of their duty to defend their own interests in court. See Brown v. Chicopee Fire Fighters Ass'n,

4

Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants"). Furthermore, defendant Steven Bankert had successfully filed an opposition to Deutsche Bank's motion for summary judgment prior to his motion to amend.  In fact, the Bankerts had been granted a continuance of forty-eight days on February 9, 2022.  Thus, the Bankerts had already been given ample opportunity to amend their pleadings.

Moreover, the Bankerts have failed to establish that their amended answer and counterclaims would not be futile.  The Bankerts' primary allegations in their proposed amended answer relate to the transfer of their mortgage.  Such issues, as discussed infra, are barred by res judicata.

2.  Summary judgment.  The Bankerts next argue that summary judgment was erroneously granted to Deutsche Bank despite there being multiple triable issues of fact.  On appeal, we review the judge's grant of summary judgment de novo.  See Fraco Prods. Ltd. v. Bostonian Masonry Corp., 84 Mass. App. Ct. 296, 299 (2013).  In a postforeclosure summary process case, a plaintiff "may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15."  Federal Nat'l

5

Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012) (Hendricks). "If a plaintiff makes a prima facie case, it is then incumbent on a defendant to counter with his own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment against him." Id. at 642. See Mass. R. Civ. P. Rule 56 (e), 365 Mass. 824 (1974) ("When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). "If a defendant fails to show the existence of a genuine issue of material fact in response to a motion for summary judgment by contesting factually a prima facie case of compliance with G. L. c. 244, § 14, such failure generally should result in judgment for the plaintiff." Hendricks, supra at 642.

Here, Deutsche Bank presented a prima facie case by providing the court with an attested copy of its recorded foreclosure deed and the statutory affidavit of sale. Hence, the Bankerts were required to show the existence of a genuine issue of material fact regarding Deutsche Bank's right to possession. See Hendricks, 463 Mass. at 642. They failed to meet this burden.

6

The Bankerts first disputed Deutsche Bank's authority to foreclose, arguing that the assignment of the mortgage and its chain of title are flawed.  As the judge correctly found, the Bankert's opposition to Deutsche Bank's authority to foreclose was barred by res judicata.  In December 2018, defendant Steven Bankert filed a complaint in the Superior Court, naming Deutsche Bank and its legal counsel as defendants, challenging, among other things, Deutsche Bank's right to foreclose.  In December 2020, a judge allowed Deutsche Bank's motion for judgment on the pleadings, entering judgment for Deutsche Bank and its legal counsel.

Res judicata comprises both claim and issue preclusion.  See DeGiacomo v. Quincy, 476 Mass. 38, 41-42 (2016).  "The invocation of claim preclusion requires three elements:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation and citation omitted).  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005).  Issue preclusion requires (1) "a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (citation omitted).  Id. at 843-844.

7

Here, the Bankerts were barred from litigating Deutsche Bank's right to foreclose under the doctrine of claim preclusion, as each of the three elements of claim preclusion was satisfied in this case. Defendant Steven Bankert[5] was the plaintiff in the Superior Court action challenging Deutsche Bank's right to foreclose, to which Deutsche Bank was a defendant in the Superior Court action. The cause of action in this case directly flows from the claim in the Superior Court challenging Deutsche Bank's right to foreclose, and there was a final judgment on the merits in the Superior Court action.

The Bankerts were also barred from litigating the issue of Deutsche Bank's right to foreclose under the doctrine of issue preclusion because the issue, including whether there was a proper chain of assignments of the mortgage to Deutsche Bank, was determined by a valid and final judgment and that determination was essential to the judgment. See, e.g., Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 838-839 (2020) (mortgagor's claim challenging foreclosure barred by

---

[5] Defendant Dawn Bankert was in privity with defendant Steven Bankert regarding the Superior Court action. See DeGiacomo v. Quincy, 476 Mass. at 43 ("privity . . . represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion" [citation omitted]).

8

issue preclusion due to issue of mortgagee's authority to foreclose having been litigated in previous eviction action).

The Bankerts further argue that the issues relating to the adequacy of the statutory notices concerning the sale and foreclosure deed are not barred by res judicata as they are independent of the prior Superior Court action. Specifically, the Bankerts allege, for the first time on appeal, that the notices of sale were inadequate as "[t]he name on the notices is not the holder of the mortgage." Because this argument was not raised at the trial level and no exception applies, it is waived, and we need not address it. See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338-339 (1997).[6]

3. Notice to quit. The Bankerts also argue, for the first time on appeal, that they did not properly receive notice from Deutsche Bank prior to the commencement of the summary process action. "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are

---

[6] The Bankerts also allege Deutsche Bank's foreclosure deed is inadequate because the power of attorney referenced in the foreclosure deed was not recorded. Because they fail to cite legal authority for this proposition, we treat the argument as waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). See also Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument).

9

deemed generally to have been waived on appeal."  Palmer, 42 Mass. App. Ct. at 338.  Because this claim "fits none of the usual exceptions to the general rule that claims not raised below are waived on appeal," we need not address it.  Id. at 338-339.

Judgment affirmed.

By the Court (Rubin, D'Angelo & Smyth, JJ.[7]),

Clerk

Entered:  October 16, 2025.

---

[7] The panelists are listed in order of seniority.