NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1209

PR REALTY LLC

vs.

AMIR SCHAJNOVITZ & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal by the defendant (tenant) follows a jury

verdict in favor of the plaintiff (landlord) after a two-day

summary process trial.  The defendant asserts numerous errors in

the conduct and outcome of trial.  For the most part, these

contentions are unsupported by adequate citation to the record

and do not comply with the requirements of Mass. R. A. P. 16

(a), as appearing in 481 Mass. 1628 (2019), so we need not

consider them.  This rule requires that the argument section of

an appellate brief contain the appellant's contentions, the

reasons therefor, citations to the authorities and parts of the

---

[1] The summary process complaint also named "all other occupants" of the property.

record on which the appellant relies, and a concise statement of the applicable standard of review for each issue. See Mass. R. A. P. 16 (a) (9) (A) & (B), as appearing in 481 Mass. 1628 (2019). "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants." Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990). In the exercise of our discretion, we address those claims whose merits we can discern from the defendant's briefing, as further explained at oral argument.

This case began with the plaintiff's filing of a summary process summons and complaint. The defendant asserted affirmative defenses as well as counterclaims under G. L. c. 186, § 15B and G. L. c. 186, § 14. As a sanction for not making use and occupancy payments in the correct manner, a trial judge struck the defendant's request for a jury trial, and a single justice of this court reinstated that request on interlocutory appeal. The case was then tried to a jury before the same trial judge.

The defendant maintains that the judge erred by "improperly merging" the counterclaims for unlawful entry and property removal under G. L. c. 186, § 15B with the claim for breach of

quiet enjoyment under G. L. c. 186, § 14, and that two separate counterclaims should have been presented for jury verdict. Contrary to the defendant's claim, the judge preserved this argument by his ruling. The defendant's counterclaims and his appellate argument misunderstand both the law and the judge's ruling on these claims. As the judge explained at trial, G. L. c. 186, § 15B does not, as the defendant says, "specifically prohibit[] landlords from unlawful entry and unauthorized removal of tenants' goods before lawful eviction or lease termination." Rather, that section relates to the language in a lease. As the judge explained at trial, under § 15B, "no lease shall contain a provision that any Lessor may enter the property except for the specific reasons stated within the statute" (emphasis added). See G. L. c. 186, § 15B (1) (a). By construing this claim as part of the defendant's quiet enjoyment claim, the judge preserved the defendant's ability to make this argument to the jury. There was no error.

The defendant also asserts that the judge should have denied the plaintiff's motion for judgment on the pleadings because it was filed too late or was procedurally barred. We need not address any procedural flaws in the timing or substance of this motion because the record establishes that the judge denied it and the defendant therefore suffered no prejudice. To

3

the extent the ruling on this motion also addressed the defendant's counterclaims, those matters are addressed above.

We are similarly unpersuaded by the defendant's arguments about the behavior of the plaintiff's attorney. Although he contends that counsel "consistently engaged in prejudicial conduct throughout the trial," the defendant notes only two specific instances of challenged conduct. We have reviewed these comments and, while the remarks during the opening were not particularly respectful, they did not prejudice the conduct of the trial. See A.C. Vaccaro, Inc. v. Vaccaro, 80 Mass. App. Ct. 635, 640-641 (2011). That plaintiff's counsel thanked the jury for their time in closing is not only unobjectionable, but common (and courteous) trial practice.

Finally, we are not persuaded that the judge should have recused himself because he issued an earlier order denying the defendant a jury trial, which was later vacated by a single justice of this court. We review a judge's decision not to recuse for abuse of discretion. Haddad v. Gonzalez, 410 Mass. 855, 862 (1991). When confronted with a recusal motion, a judge "follows a two-prong analysis"; first, a judge consults their own "emotions and conscience to determine whether [they are] free from bias or prejudice," (quotation and citation omitted). Demoulas v. Demoulas Super Markets, Inc., 428 Mass. 543, 546 n.6

4

(1998).  If a judge determines that they are impartial, the second step is to "objectively evaluate whether this was a proceeding in which [their] impartiality might reasonably be questioned," (quotation and citation omitted).  Id.

We see no abuse of discretion in the judge's decision that recusal was not required.  It is hardly unusual for a judge to continue presiding over a case after making adverse rulings against one side or the other -- even when such rulings are vacated before trial.  See Demoulas v. Demoulas Super Markets, 424 Mass. 501, 524-525 (1997).  Here, we discern no bias or prejudice in the judge's continued engagement in this matter.

Judgment affirmed.

By the Court (Rubin, Walsh & Hershfang, JJ.[2]),

Clerk

Entered:  January 23, 2026.

---

[2] The panelists are listed in order of seniority.

5