NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-891

LEI YIN

vs.

ROBERT H. BARRY.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Lei Yin,[2] appeals from the order denying his second motion for reconsideration.  We affirm.

Background.  This appeal concerns the plaintiff's claims for malpractice, breach of contract, and negligence arising out of the defendant's representation of the plaintiff before the Massachusetts Department of Industrial Accidents (DIA).[3]  The plaintiff claimed that the defendant, his former attorney Robert

---

[1] In his individual capacity and doing business as his legal malpractice insurance company.

[2] A self-represented litigant.

[3] In a separate appeal, a different panel of this court affirmed the DIA's decision.  Lei Yin's Case, 100 Mass. App. Ct. 1118 (2021), cert. denied, 144 S. Ct. 384 (2023).

H. Barry, had refused to submit 110 pages of e-mail messages and the plaintiff's time card to the DIA, and that the defendant had refused to present to the DIA the plaintiff's claim that the plaintiff's employer had tampered with evidence.

On April 25, 2025, a Superior Court judge allowed the defendant's motion to dismiss the plaintiff's claims against the defendant, on the grounds that the plaintiff's claims were time barred by the three-year statute of limitations[4] and that the plaintiff's mental health disability did not toll the statute of limitations. See G. L. c. 260, §§ 4, 7. In response, the plaintiff filed various postjudgment motions challenging the court's allowance of the motion to dismiss. Relevant here is that the plaintiff filed a motion for reconsideration on May 28, 2025, the motion was denied by an order entered on June 2, 2025, and the plaintiff filed a notice of appeal on June 9, 2025.

Discussion. The plaintiff's June 9, 2025 notice of appeal states that the plaintiff appeals from "the decision entered on June 2nd 2025 that denied my Further Motion of Reconsideration

---

[4] The judge found that the plaintiff had "actual knowledge of the facts giving rise to his claim as early as December 3, 2018, but did not file his complaint until October 1, 2024," and because the "gist" of the plaintiff's cause of action was an action for malpractice, the three-year statute of limitations set out in G. L. c. 260, § 4, applied. See Anthony's Pier Four, Inc. v. Crandall Dry Dock Eng'rs, Inc., 396 Mass. 818, 823 (1986).

2

filed on May 28th, 2025."  We therefore confine our discussion to the denial of the May 28, 2025 motion for reconsideration. See Mass. R. A. P. 3 (c) (1), as appearing in 491 Mass. 1601 (2023) ("The notice of appeal shall designate . . . in civil cases, the judgment, decree, adjudication, or separately appealable order from which the appeal is taken").  See also Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants").  "We review a decision on a motion for reconsideration for abuse of discretion."  Kauders v. Uber Techs., Inc., 486 Mass. 557, 568 (2021).

General Law c. 260, § 7, states that if a person commencing an action "is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."

The plaintiff contends that the judge's denial of his motion for reconsideration ignored evidence that the plaintiff had a mental disability, and that the plaintiff did not

3

understand that his cause of action had accrued until 2024, after his appeal of the DIA decision concluded.

In fact, the judge acknowledged that the plaintiff "has a mental disability."  However, the judge noted that the plaintiff communicated that he would submit the contested evidence after the DIA hearing (against the defendant's advice) as early as December 3, 2018.  The judge also noted that the plaintiff continued to pursue his appeal of the DIA decision even after the defendant withdrew from representing the plaintiff.  See Lei Yin's Case, 100 Mass. App. Ct. 1118 (2021), cert. denied, 144 S. Ct. 384 (2023).[5]  We agree with the judge that "[t]hese facts do not plausibly suggest that [the plaintiff's] mental health disability incapacitated him."  See G. L. c. 260, § 7. Accordingly, the judge did not abuse her discretion by denying

---

[5] A petition for rehearing later was denied, see 144 S. Ct. 632 (2024).

4

the plaintiff's May 28, 2025, motion for reconsideration.  See Kauders, 486 Mass. at 568.

> Order dated June 2, 2025, affirmed.
>
> By the Court (Desmond, Tan & Wood, JJ.[6]),
>
> *Paul Little*
>
> Clerk

Entered:  April 17, 2026.

---

[6] The panelists are listed in order of seniority.